UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS AKINS,

    Plaintiff,

v.                                    Case No.:  2:25-cv-416-SPC-KCD

R. DIXON *et al.*,

    Defendants.
_____/

## **OPINION AND ORDER**

Before the Court is Plaintiff Thomas Akins' Motion for Reconsideration for Appointment of Counsel and/or Motion Objecting to the Courts Denial of Appointment of Counsel (Doc. 10). Akins is a prisoner of the Florida Department of Corrections, and he is litigating this action *in forma pauperis*.

Magistrate Judge Kyle Dudek denied Akins' request for appointment of counsel:

> Akins also seeks appointment of counsel. Although there is no constitutional right to counsel in civil cases, Congress has given district courts discretion to request counsel for civil litigants proceeding in forma pauperis when exceptional circumstances warrant. 28 U.S.C. § 1915(e)(1); *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). In determining whether "exceptional circumstances" warrant appointment of counsel, the court considers various factors, including (1) the type and complexity of the case; (2) whether the indigent plaintiff can adequately present his case, (3) whether the indigent plaintiff can adequately investigate the case, and (4) whether the evidence will consist largely of conflicting testimony so as to require skill in the

presentation of evidence and in cross-examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

The Court finds no exceptional circumstances to warrant appointment of counsel here. The case is not particularly complex, prisoners commonly litigate cases like this *pro se*, and Akins has demonstrated that he can prepare his own submissions to the Court. Accordingly, Akins' motion (Doc. 3) is **denied**.

(Doc. 6). Akins argues Judge Dudek misconstrued and misapplied 28 U.S.C. § 1915(e)(1). The Court is not persuaded.

A district judge "may reconsider any pretrial matter…where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The Court finds nothing "clearly erroneous" or "contrary to law" in Judge Dudek's order. Judge Dudek reasonably applied the correct legal standard. Accordingly, Akins' objection to Judge Dudek's Order (Doc. 10) is **OVERRULED**.

**DONE** and **ORDERED** in Fort Myers, Florida on June 10, 2025.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record