UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS AKINS,

    Plaintiff,

v.                                               Case No.:  2:25-cv-416-SPC-KCD

R. DIXON *et al.*,

    Defendants.
_____/

## OPINION AND ORDER

    Before the Court is Plaintiff Thomas Akins' Complaint (Doc. 1).  Akins is a prisoner of the Florida Department of Corrections, and he sues eight state prison officials under 42 U.S.C. § 1983.  United States Magistrate Judge Kyle Dudek granted Akins leave to proceed *in forma pauperis*, so the Court must review the Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).

    Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915.  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court

can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Akins alleges that on February 1, 2025, a heater in his cell started to emit a burning smell, excessive heat, and smoke. Akins alerted the defendant he identifies as John B. Doe, who radioed defendant John A. Doe for assistance. John A. Doe instructed the control booth to shut off the heater system. The heater then "exploded on the inside, pushing out a large amount of white substance and dust which got on Plaintiff Akins' face, left and right arms, and

clothes." (Doc. 1 at 6). The John Doe defendants ordered Akins and his cellmate to pack their belongings and escorted them to the nurses' station. Medical staff identified in the complaint as Jane A. Doe and Jane B. Doe examined and cleared Akins and his cellmate. Akins was escorted to a shower and assigned a new cell.

Akins filed grievances about the incident. Defendant Hills denied the first grievance but noted that maintenance staff would address the issue. Defendant Brock denied the second grievance. He explained the heating system was shut off, so it did not pose a threat to inmates.

Akins argues Warden Payne, the Doe defendants, Brock, and Hill showed deliberate indifference to cruel and unsafe conditions caused by the faulty heater. While Akins acknowledges the heating system underwent maintenance two weeks before the incident, the units were not individually inspected and were covered in dust. He seeks declaratory relief, injunctive relief, nominal damages, and $250,000 compensatory damages against each defendant.

Although "the Constitution does not mandate comfortable prisons," prison officials must "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). Courts apply a two-part analysis when considering claims about conditions of confinement. A plaintiff must establish an objective component and a subjective component. "Under

the objective component, the detainee must prove that the conditions are sufficiently serious to violate the Eighth Amendment: that is, he must show that 'extreme' conditions created an unreasonable risk—one that society chooses not to tolerate—of serious damages to the detainee's future health or safety." *Ellis v. Pierce Cnty., Ga.*, 415 F. App'x 215, 217 (11th Cir. 2011) (cleaned up).

Under the subjective component of a conditions-of-confinement claim, the prisoner must show deliberate indifference, which has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotations and citation omitted). Deliberate indifference is akin to subjective recklessness as used in criminal law, and to establish it, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). An official who responded reasonably to a risk cannot be found liable under the Eighth Amendment. *Id.*

Akins' complaint does not state a claim for unconstitutional conditions of confinement. His only allegation about the condition of the heating system before the February 1, 2025 incident is that the individual units were covered in dust. That is not an extreme condition that creates an intolerable risk of

4

harm to Akins' health or safety.  What is more, Akins acknowledges the heating system underwent maintenance just two weeks earlier.  When the heating unit in Akins' cell malfunctioned, the defendants acted reasonably.  The John Doe defendants removed Akins from his cell and escorted him to the nurse's station, where the Jane Doe defendants examined and cleared Akins.  Akins was then provided a shower and assigned a new cell.  Akins does not claim the heater malfunction caused any temporary or lasting physical injuries.  Nor does he state any facts from which the Court can infer he is at risk of future harm.

Accordingly, it is

**ORDERED:**

Thomas Akins' Complaint (Doc. 1) is **DISMISSED without prejudice**.  Akins may file an amended complaint by **July 22, 2025**.  **Otherwise, the Court will close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on July 1, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record