UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS AKINS,

      Plaintiff,

v.                              Case No.:  2:25-cv-416-SPC-KCD

S. PAYNE *et al.*,

      Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Thomas Akins' Amended Complaint (Doc. 17).  Akins is a prisoner of the Florida Department of Corrections, and he sues state prison officials under 42 U.S.C. § 1983.  Akins is proceeding *in forma pauperis*, so the Court reviewed his original complaint under 28 U.S.C. § 1915(e)(2).  The Court dismissed the complaint for failure to state a claim and gave Akins leave to amend.  Akins' amended complaint asserts the same basic facts as the first, and it likewise fails to state a claim.

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915.  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court

can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Akins alleges that on February 1, 2025, a heater in his cell started to emit a burning smell, excessive heat, and smoke. Akins' cellmate alerted defendant Gordon, who radioed defendant Steider for assistance. Steider instructed the control booth to shut off the heater system. The heater continued discharging smoke and heat. Then it exploded, partially covering Akins in dust and an unknown white substance. The smoke caused Akins to cough, pant, and retch. Steider ordered Akins and his cellmate to pack their belongings and escorted them to the nursing station. The nurses examined and cleared Akins and his cellmate. Akins was escorted to a shower and assigned a new cell.

Akins submitted a sick call request a few days later, complaining of a ringing sound in his ear. Medical staff examined Akins on February 11, 2025, gave him ear medication, and scheduled an appointment for further treatment. Nevertheless, Akins' ear still rings whenever he hears a loud popping sound.

Akins blames the malfunctioning heater on old wiring and poor maintenance. He and other inmates complained to defendants Payne, Brock, and Hills a few weeks before the incident that the heaters were not working. The defendants advised the dormitory that maintenance would fix the heaters. A crew worked on the heaters a few days later, but the heater in Akins' cell still did not work reliably. Akins' argues the prison should have cleaned the heaters and replaced the wiring.

Akins argues Payne, Brock, Hills, Gordon, and Steider showed deliberate indifference to cruel and unsafe conditions caused by the faulty heater. He seeks declaratory relief, injunctive relief, nominal damages, punitive damages and $250,000 compensatory damages against each defendant.

Akins' amended complaint fails to state a claim for the same reasons as the original.[1] Akins does not allege extreme conditions prior to February 1, 2025, that created an unreasonable risk of serious damage to his health or safety. A "prisoner's mere discomfort, without more, does not offend the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1295 (11th Cir. 2004). Akins does not claim, for example, that he was exposed to severely cold temperatures for an extended time. *See id.* What is more, Payne, Brock, and Hills reacted reasonably to complaints about the heating system by arranging maintenance.

---

[1] The Court summarized the law governing Eighth Amendment challenges to the conditions of a prisoner's confinement in its order dismissing Akins' original complaint. (*See* Doc. 16).

Gordon and Steider also acted reasonably when the heater in Akins' cell began malfunctioning. First, they called the control desk to shut off the heater. When it exploded, they removed Akins from his cell and escorted him to the nurse's station, where nurses examined and cleared Akins. Akins was then provided a shower and assigned a new cell. None of the defendants can be found liable under the Eighth Amendment because they responded reasonably to the risks they observed. *See Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024).

Accordingly, it is

**ORDERED:**

Thomas Akins' Amended Complaint (Doc. 17) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 23, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record